# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| MELVIN WILLIAMS | CASE NO. 6:19-CV-01146 |
|---|---|
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| MARK GARBER ET AL | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss" (Rec. 10) wherein Defendants, Sheriff Mark Garber, Warden Paula Smith, Deputy Jessica Hall and Deputy Joseph Kronski, move to dismiss with prejudice Plaintiff, Melvin Williams' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5).

## FACTUAL ALLEGATIONS

Mr. Williams brings this complaint pursuant to 42 U.S.C. 1983 and 1988, and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Louisiana.[1] Mr. Williams alleges that on about the first week of September, 2018, he completed a program for early release which would have reduced his time served by 75 days or as early as September 12, 2018.

Mr. Williams alleges that Officers Jessica Hall and Joseph Kronski, who were in possession of the Certificate of Completion, failed to timely file the Certificate with the State of Louisiana Department of Corrections ("DOC").[2] Because of their delay in filing

---

[1] Complaint for Damages, p. 1, Rec. 1.
[2] Id. ¶ 10.

the Certificate, Mr. Williams did not get released from the DOC until November 26, 2018, the date of his original release date.[3] Thus, he alleges that he was subjected to wrongful detention, malicious negligence of abuse of power, and intentional violations of the Fifth and Fourteenth Amendments of the United States Constitution.[4]

Mr. William's complaint was filed 9/03/2019; a summons was issued as to all four (4) defendants on that same date.[5] On 12/11/2019, the Deputy Clerk of Court issued a Notice of Intent to Dismiss the Case for failure to effect service within 90 days.[6] On 12/23/2019, Mr. Williams filed a motion for extension of time to effect service which was granted allowing Mr. Williams an additional 45 days from December 26, 2019 (or until February 9, 2020) to effect service.[7]

Defendants Paula smith and Mark Garber were served on 12/23/2019,[8] and Defendants Jessica Hall and Joseph Kronski were served on 12/26/2019.[9]

## RULE 12(B)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that " 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Hitt v. City*

---

[3] Id. ¶ 12.
[4] Id.
[5] Id. Rec. 1 and 2.
[6] Id. Rec. 3.
[7] Rec. 7.
[8] Rec. 5and 6.
[9] Rec. 8 and 9.

2

*of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957)).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995)."[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it demands "more than an unadorned, the defendant-unlawfully-harmed-me accusation."*Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."*Id.,* at 570, 127 S.Ct. 1955.

## **LAW AND ANALYSIS**

*Mr. Williams properly served Defendants, Garber, Smith, Hall and Kronski*

Defendants move for dismissal under Louisiana Revised Statute 13:5107(D) and Federal Rule of Civil Procedure 4(m) for lack of timely service.  As detailed above, shortly after the Court issued a Notice of Intent to Dismiss for failure to effect service within 90 day, Mr. Williams, through counsel, moved for an extension of time to serve the Defendants which this Court granted. Shortly thereafter, all of the Defendants were properly served.  Accordingly, the Court finds no merit to Defendants' motion to dismiss based on untimely service.

*Mr. Williams has not adequately pled a § 1983 claim*

In order to state a viable § 1983 claim for liability, a plaintiff must satisfy a two-prong test: (1) the plaintiff must claim that the defendants committed a constitutional violation under current law, and (2) the plaintiff must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of.  *Club Retro, L.L.C. v. Hilton,* 568 F.3d 181, 194 (5th Cir. 2009).

4

Defendants move to dismiss Mr. Williams' § 1983 claim because he has no constitutionally protected liberty interest in a sentence reduction that was not mandatory. Mr. Williams alleges that he earned a sentence reduction by completing a Certified Treatment and Rehabilitation Program ("CTRP"). He complains that because the Defendants failed to immediately send the Certificate of Completion to the Department of Corrections ("DOC"), his constitutional rights were violated because he was not given credit for completing the Program. Instead, he was released on his original release date.

"The Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Thus, a prisoner "does not have a constitutional right to be released before the expiration of a valid sentence." *Wottlin v. Fleming,* 136 F.3d 1032, 1037 (5th Cir. 1998). A prisoner can have a constitutionally-protected liberty interest in a sentence reduction, but only if the reduction is mandatory. *Wolff,* 418 U.S. at 557. The Fifth Circuit explained in *Richardson v. Joslin*, 501 F.3d 415, 49 (5th Cir. 2007) that a statute allowing discretion as to whether to award a reduction creates no such interest:

> [t]he hallmark of a statute that has not created a liberty interest is discretion. Where the statute grants the prison administration discretion, the government has conferred no right on the inmate. . . thus, a "protected liberty interest exists only when a regulation uses 'mandatory language to place a substantive limit on official discretion.'"

See *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998) (no liberty interest in a sentence reduction from early release programs when there is "no mandatory language requiring that inmates be released upon completion").

In *Spann v. Strain,* 2016 WL 7626574, at *15 (E.D. La. Dec. 9, 2016), *report and recommendation adopted,* 2017 WL 24812 (E.D. La. Jan. 3, 2017) *aff'd,* 726 Fed. Appx.

5

265, 2018 WL 2979874 (5th Cir. 2018), a prisoner filed a § 1983 claim alleging that he earned a sentence reduction by completing a CTRP on December 17, 2015, which advanced his potential release date to January 13, 2016. The prisoner complained that he was not released until after the January 13, 2016 date because the sheriff delayed forwarding his Certificate of Completion to the DOC until mid-January. The prisoner alleged a constitutional violation; the court dismissed the claim because neither the statute that authorized the CTRP, nor the DOC regulation governing the CTRP (No. B-04-003) mandated a sentence reduction.

In the instant case, Mr. Williams claims that he did not receive a sentence reduction because the Sheriff's deputies did not forward the completion certificate to the DOC. The "early release" program which Mr. Williams relies upon is the CTRP which is governed by the same statute and regulation (Louisiana Revised Statute 15:828 and DOC No. B-04-003, respectively). As in *Spam*, there is no constitutionally-protected liberty interest in a sentence reduction because the statute is discretionary. In other words, there is no mandatory language that requires that inmates be released upon completion. It should also be noted that the DOC's website advises that a sentence reduction usually takes several weeks and up to 90 days. Therefore, Mr. Williams could not have an expectation of an immediate reduction in sentence.

*State Law claims*

In addition to his § 1983 claims, Mr. Williams has also asserted state law tort claims. Federal court jurisdiction over pendent state-law claims is governed by 28 U.S.C. § 1367 which provides that:

6

in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

The district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. Mr. Williams alleged 28 U.S.C. § 1367 to adjudicate his state law claims. Because the Court is dismissing Mr. Williams' claims that gave it original jurisdiction, we will likewise decline to exercise jurisdiction over his state law claims.

## **CONCLUSION**

The Court finds that there is no constitutional violation, and the motion to dismiss should be granted dismissing the § 1983 claims with prejudice. The Court further finds that because we are dismissing the § 1983 claims with prejudice, Mr. Williams' pendent state-law claims will be dismissed, without prejudice for lack of ancillary jurisdiction.

**THUS DONE AND SIGNED** in Chambers on this 21st day of February, 2020.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**